IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH LAMAR KNIGHT,

   Plaintiff,

    v.

FORSYTH COUNTY, GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-1790-TWT

ORDER

This is a pro se civil rights action. It is before the Court on the County Defendants' Motion to Dismiss [Doc. 2]. A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro

America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555). The Plaintiff alleges that the Defendants violated his constitutional rights by entering his house without a warrant and by using excessive force during his arrest.  The Forsyth County Sheriff's Department is a department of local government and is not an entity subject to suit.  The John Doe Defendants should be dismissed because fictitious party practice is not permitted in federal court.  The Plaintiff has not adequately alleged a custom or practice that would subject Forsyth County to liability.  The Plaintiff's Fourth Amendment claims against the deputies who entered his home should not be dismissed at the pleadings stage for failure to state a claim.  The Plaintiff fails to state a federal claim against Chief Paxton or Major Smith.  Conclusory allegations of failure to adequately train are not sufficient. Forsyth County is entitled to sovereign immunity as to the Plaintiff's state law claims.

The Plaintiff does not adequately allege that the individual officers acted with malice. Therefore, they are entitled to official immunity. Therefore, the County Defendants' Motion to Dismiss [Doc. 2] is GRANTED in part and DENIED in part.

    SO ORDERED, this 5 day of February, 2010.

                  /s/Thomas W. Thrash
                  THOMAS W. THRASH, JR.
                  United States District Judge